UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| EMPLOYERS & CEMENT MASONS #90 HEALTH & WELFARE FUND, By and Through Its Board of Trustees,<br><br>and<br><br>EMPLOYERS AND CEMENT MASONS #90 PENSION FUND, By and Through Its Board of Trustees,<br><br>　　Plaintiffs,<br><br>v.<br><br>A & A HAULING, INC.,<br><br>　　Defendant. | Cause No. 18-1135 |

## COMPLAINT

COME NOW Plaintiffs, EMPLOYERS AND CEMENT MASONS #90 HEALTH & WELFARE FUND and EMPLOYERS AND CEMENT MASONS #90 PENSION FUND, and state as follows for Count I of their Complaint against Defendant A & A HAULING, INC.

### Parties

1. Plaintiff EMPLOYERS AND CEMENT MASONS #90 HEALTH & WELFARE FUND (hereinafter "Welfare Fund") is an employee benefit plan within the meaning of Sections 3(1) and (3), 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1002(1), (3), 1132 and 1145. The Pension Fund's Board of Trustees are fiduciaries within the meaning of Section 3(21)(A) and 502 of ERISA, 29 U.S.C. §§ 1002(21)(A) and 1132 and are authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), to enforce the terms of an ERISA plan.

2.  Plaintiff EMPLOYERS AND CEMENT MASONS #90 PENSION FUND (hereinafter "Pension Fund") is an employee benefit plan within the meaning of Sections 3(1) and (3), 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1002(1), (3), 1132 and 1145. The Retirement Savings Fund's Board of Trustees are fiduciaries within the meaning of Section 3(21)(A) and 502 of ERISA, 29 U.S.C. §§ 1002(21)(A) and 1132 and are authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), to enforce the terms of an ERISA plan.

3.  Welfare Fund and Pension Fund are administered in St. Louis County, Missouri.

4.  Together, the Welfare Fund and the Pension Fund shall be referred to as "Plaintiff Funds."

5.  Defendant A & A HAULING, INC. (hereinafter "A & A Hauling," or "Defendant") is an Illinois Corporation maintaining its principal place of business in Madison County, Illinois and may be found in this District.

6.  A&A Hauling is, was and at all relevant times has been, an employer in an industry affecting commerce within the meaning of Sections 3(5), (11), (12) and 515 of ERISA, 29 U.S.C. §§ 1002(5), (11), (12) and 1145 and of §§ 2(2), (6) and (7) of the LMRA, 29 U.S.C. §§ 152(2), (6) and (7).

### Jurisdiction and Venue

7.  This Court has jurisdiction over Plaintiff Funds' claims by virtue of Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. § 1132(a)(3) and 1145, in that Plaintiff Funds' respective Boards of Trustees are fiduciaries who seek to enforce the provisions of Plaintiff Funds, and of § 301(a) of the LMRA, 29 U.S.C. § 185(a), in that Plaintiff Funds are suing to enforce a contract between an employer and a labor organization.

8. This Court has personal jurisdiction over Defendant pursuant to ERISA § 502(e), 29 U.S.C. § 1132(e) and § 301(a) of the LMRA, 29 U.S.C. § 185(a).

9. Venue is proper in this Court pursuant to ERISA Section 502(e)(2), 29 U.S.C. § 1132(e)(2) and § 301(a) of the LMRA, 29 U.S.C. § 185(a).

### Facts Common To All Counts

10. At all times relevant to this Complaint, A&A Hauling has been signatory to one or more Collective Bargaining Agreements ("Agreement(s)") with the Local #90, Operative Plasterers and Cement Masons International Association, AFL-CIO ("Local #90").

11. A&A Hauling is also signatory to and bound by a Participation Agreement with Plaintiff Funds.

12. Pursuant to the Agreement(s) and Participation Agreement, A&A Hauling agreed to become party to and to be bound by the terms and provisions of certain Trust Documents ("Trust Documents") establishing Plaintiff Funds.

13. The Agreement(s), Participation Agreement(s) and Trust Documents require A&A Hauling to submit monthly Remittance Reports ("Remittance Reports") detailing the hours worked by and wages paid to its employees performing work covered by the Agreement(s) and to pay monetary contributions to Plaintiff Funds at specified rates, based on hours worked and/or gross pay received, for and on behalf of its employees working under the terms of the Agreement(s).

14. Plaintiff Funds are the duly-authorized collection agent on behalf of Local #90 and of certain collectively-bargained funds and receive and process said contributions on behalf of those Funds and Local #90.

15. Said Remittance Reports are due by the fifteenth (15th) of the month following the month in which the work was performed.

16. The Agreement(s), Participation Agreement(s), and/or Trust Documents to which A&A Hauling is bound and required to comply, specifically provide that in the event a signatory contractor fails to submit timely reports of hours, or payments of contributions due, the contractor shall be liable to Plaintiff Funds for the contributions due, as well as liquidated damages in the amount of twenty percent (20%) of such contributions.

17. ERISA, the Agreement(s), Participation Agreement(s), and/or Trust Documents to which A&A Hauling is bound and required to comply, specifically provide that in the event of litigation to collect a delinquency, the signatory contractor shall be liable to Plaintiff Funds for interest.

18. ERISA, the Agreement(s), Participation Agreement(s), and/or Trust Documents to which A&A Hauling is bound and required to comply, specifically provide that in the event of litigation to collect a delinquency, the signatory contractor shall be liable to Plaintiff Funds for attorneys' fees and costs.

## COUNT I

COME NOW Plaintiffs, by undersigned Counsel, and for Count I of their Complaint against A&A Hauling, state as follows:

19. Plaintiff Funds restate and reincorporate paragraphs 1 through 18, as if fully set forth herein.

20. A&A Hauling failed to pay required contributions for the month of October 2017 in the amount of $16,891.35 ("Delinquency").

21. As a consequence of incurring the Delinquency, A&A Hauling is liable for Liquidated Damages in the amount of twenty percent (20%) of the Delinquency, or $3,378.27.

22. A&A Hauling is further liable for interest in an amount to be proven at trial.

23. A&A Hauling is further liable for past due Liquidated Damages in the amount of $18,840.36.

24. Demand has been made upon A&A Hauling for payment of these amounts, but A&A Hauling has failed and refused without good cause to pay.

25. Plaintiff Funds are entitled to an award of all delinquent contributions due, in the amount of $16,891.35.

26. Plaintiff Funds are entitled to an award of Liquidated Damages on the Delinquency, in the amount of $3,378.27.

27. Plaintiff Funds are entitled to an award of past due Liquidated Damages in the amount of $18,840.36.

28. Plaintiffs are entitled to an award of interest in an amount to be proven at trial.

29. Plaintiff Funds are entitled to an award of their attorney's fees and costs.

30. As a consequence of Defendant's actions, Plaintiff Funds have been harmed.

WHEREFORE, the Plaintiffs Funds respectfully pray that the Court:

    a. Enter Judgment for Plaintiff Funds and against Defendant A & A Hauling, Inc.;

    b. Enter an Order awarding Plaintiff Funds $16,891.35 in outstanding contributions;

    c. Enter an Order awarding Plaintiff Funds Liquidated Damages on the Delinquency in the amount of $3,378.27;

    d. Enter an Order awarding Plaintiff Funds $18,840.36 in past due Liquidated Damages;

    e. Enter an Order awarding Plaintiff Funds appropriate pre-judgment interest;

  f.  Enter an Order awarding Plaintiff Funds their attorneys' fees and costs;

  g.  Enter an Order awarding Plaintiff Funds appropriate post-judgment interest;

  h.  Enter Orders for such further relief as the Court deems proper in the premises.

## COUNT II

COME NOW Plaintiffs, by undersigned Counsel, and for Count II of their Complaint against Defendant, A&A Hauling, Inc., state as follows:

31. Plaintiffs restate and reincorporate paragraphs 1 through 30 of their Complaint as if fully set forth herein.

32. The Court has supplemental jurisdiction over Count II pursuant to 28 U.S.C. §1367.

33. On or about February 21, 2017, A&A Hauling executed a *Promissory Note and Settlement Agreement* with Employers and Cement Masons #90 Health and Welfare and Pension Funds. A true, accurate and correct copy of the *Promissory Note and Settlement Agreement* is attached hereto as **Exhibit "A."**

34. A&A Hauling breached the *Promissory Note and Settlement Agreement*.

35. Pursuant to the *Promissory Note and Settlement Agreement*, as a result of the breach, A&A Hauling is liable to Plaintiffs for Liquidated Damages in the amount of $2,348.89.

36. Demand has been made upon A&A Hauling for payment of the foregoing amount, but A&A Hauling has failed and refused to pay.

37. As a consequence of A&A Hauling's actions, Plaintiff Funds have been harmed.

WHEREFORE, the Plaintiffs Funds respectfully pray that the Court:

  a.  Enter Judgment for Plaintiff Funds and against Defendants A&A Hauling;

  b.  Enter an Order awarding Plaintiff Funds $2,348.89;

  c.  Enter Orders for such further relief as the Court deems proper in the premises.

          Respectfully Submitted,

          CAVANAGH & O'HARA LLP

          /s/ James R. Kimmey
          JAMES R. KIMMEY, ARDC 6314932
          101 W. Vandalia St., Suite 20
          Edwardsville, IL 62025
          (618) 692.5250 (tel.)
          (618) 692.5254 (fax)
          jaykimmey@cavanagh-ohara.com

          Attorneys For Plaintiffs